FRANK WEBER, TRADING AS FRANK WEBER FISHERY, PROSECUTOR, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, RESPONDENT.

Submitted May 4, 1943—Decided June 24, 1943.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Eugene C. F. McVeigh* (*William P. Braun*, of counsel).

For the respondent, *Charles A. Malloy* (*Herman D. Ringle*, of counsel).

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the determination of the respondent, Unemployment Compensation Commission, in holding that the employees of prosecutor, Frank Weber, performed services in their employment which were not excepted by the provisions of *N. J. S. A.* 43:21-19 (i) (7) (C) because they were not members of a "crew" within the meaning of the act.

The facts are not disputed. Weber's business is catching fish in pound nets set in the Atlantic Ocean off the coast of Monmouth Beach about one and one-quarter miles, and so within the territorial limits of the state. The fish are taken to his place of business in Monmouth Beach where they are prepared and shipped to market. He owns and operates a motor boat under ten tons burden which is launched into the surf on rollers with the aid of a team of horses and a driver, and is then hand propelled by seven occupants through the surf along a tow line made fast to a pile located in deep water, and then is propelled to the nets, three in number, by motor power. The trips to and from the nets take one and one-half to two hours under normal conditions and much longer when conditions are unfavorable. Daily trips are usually made. The boat is in charge of one of the men designated as captain. When it is free of the surf, only two men are needed to operate it—one to steer and the other to attend

to the motor. The seven men who go out to the nets also perform services in the boat and on shore in preparing the fish for market, repairing the nets, &c. About one-third of their time is on shore and two-thirds at sea. Weber also employs in the business a cook and driver of the horses, all of whose services are performed on shore. Weber employed nine men in his business throughout the years 1937 to 1942, inclusive. The statute *supra* provides "The term 'employment' shall not include: service performed as an officer. or member of the crew of a vessel on the navigable waters of the United States." The seven employees are, of course, performing services, in part at least, in a vessel on navigable waters of the United States. The question presented for solution is whether under the recited facts they are members of a crew within the meaning of the statute.

That question has already been answered in the negative by this court in a case where the facts are entirely analogous and which we conclude is controlling. Mr. Justice Perskie in *Shore Fishery, Inc.,* v. *Board of Review,* 127 *N. J. L.* 87; 21 *Atl. Rep.* (*2d*) 634, reviewed the cases and concluded that a crew, in maritime law, are those persons on board a vessel aiding in her navigation, without reference to the nature, of the arrangement under which they are on board; that the duties performed in navigating the vessel were only performed as a means to accomplish the primary end in view, namely to catch fish. As thus interpreted, the opinion also holds that the statute does not violate any provision of the federal constitution.

The determination under review will be affirmed, with costs.